JOHN BULFINCH *vs.* AUGUSTUS WINCHENBACH & trustees.

If two persons agree together to prosecute a voyage in a vessel jointly, each contributing services and time, and sharing in profits and losses, they are partners; and freight earned in a voyage so prosecuted cannot be attached and held by a trustee process against one of them alone.

TRUSTEE PROCESS. Isaac Seavey, who claimed to be a partner of the defendant, and jointly interested with him in certain funds disclosed in the trustees' answer, was admitted to appear as claimant.

In the superior court, a trial by jury was waived; and it appeared that at the time of the service of the writ the defendant was master of the schooner New Zealand; that the trustees were indebted in the sum of $185.60 for the freight of a cargo brought in the New Zealand from Bangor; that prior to the carriage of this cargo, the managing owner of the schooner

14 *

applied to Seavey to go in her on shares with the owners, after the defendant should leave her, and meanwhile on shares with the defendant, and thereupon an agreement was made between Seavey and the defendant, by virtue of which Seavey was to go as mate, and put his time against the defendant's time, pay one half of the bills, and have one half of the net earnings, after paying to the owners their share; and in pursuance of this agreement the voyage in question was made. Upon these facts, *Ames*, J. ordered the trustees to be discharged; and the plaintiff alleged exceptions.

*J. S. Abbott & J. F. Pickering*, for the plaintiff.

*B. Dean*, for the claimant.

BIGELOW, C. J. The agreement between the principal defendant and the claimant for running the vessel on shares embraced all the essential elements of a copartnership. They were to carry on the business jointly; each was to contribute his time and services to the prosecution of the joint undertaking; both were to be liable for the debts; and they were to share the net profits equally. It is not a case where the agreement to share the profits is made for the mere purpose of fixing a compensation for services to be rendered by one of the parties, and no other rights or liabilities are to be assumed by him in the conduct of the joint business. But the stipulations of the parties place each of them on an equal footing, so that both are to share alike in the burdens and benefits of the joint undertaking. The case is wholly unlike that of *Thorndike* v. *De Wolf*, 6 Pick. 120, on which the plaintiff relies to sustain his right to hold the funds in the hands of the trustees. There it was decided that two persons, owners of a ship and cargo in distinct proportions, without any agreement to share in the profit or loss which might ultimately arise from a voyage, were not copartners but tenants in common of goods which were purchased and brought home by the master of the vessel. The vital distinction between that case and the one at bar is, that in this case there was an express agreement to share the net profits of the joint undertaking.                    *Exceptions overruled.*